FAY HARVEY MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97112.   Promulgated October 10, 1940.

*Thomas C. McConnell, Esq.,* for the petitioner.
*E. G. Sievers, Esq.,* for the respondent.

952

OPINION.

STERNHAGEN: 1. The respondent affirmatively pleads, in addition to the matters determined in the deficiency notice, that the dividend paid December 15, 1936, is taxable as a dividend to petitioner and is not properly to be regarded as a dividend received by DeGuire and paid by him and received by petitioner in payment of the price of shares. From the evidence it is clear that petitioner was the owner of the shares during the period when they were held in escrow, and that as the record and actual shareholder she was the rightful recipient of the dividend when it was paid on December 15, 1936. Not only is it the general doctrine that title to stock does not pass under an escrow agreement until the conditions are performed, Fletcher, Cyclopedia of Corporations, § 5567, vol. 12, p. 557; *Roscoe H. Aldrich*, 3 B. T. A. 911; *Anthony Schneider, et al.*, 3 B. T. A. 920; *Albert Russel Erskine*, 26 B. T. A. 147, 164; *Charles M. Thorp, Jr.*, 32 B. T. A. 767; but specifically the agreement and the circumstances of its performance show that this was the purpose and understanding at all times of the petitioner and DeGuire. Petitioner clearly agreed to sell if and when payment was made to the escrow agent, and until that time she was expressly continued as the shareholder with an agreed limitation upon her voting rights. Upon failure of payment at the appointed time, her obligation to sell was ended and she was, by redelivery, to repossess the certificates. Meanwhile she was to and did receive the dividends which the corporation distributed to its shareholders. Her contemporaneous endorsement and transfer of the dividend to DeGuire so that he might apply the amount against the named price of the shares does not give it the character of a dividend as to him. As

in *Charles M. Thorp, Jr., supra*, after she, as shareholder, had received the amount *qua* dividend and transferred it to DeGuire, it lost its character as a corporate distribution; and, as in *Max Viault, et al.*, 36 B. T. A. 430, its use by DeGuire was in reduction of the price of the shares. See also *Ruphane B. Iverson*, 29 B. T. A. 863; *A. Levy & J. Zentner Co.*, 31 B. T. A. 386. We confess our inability to find a satisfying distinction from *Long* v. *United States*, 66 Ct. Cls. 475, unless it be that by the contract, which is not set forth in the findings or opinion, Long had become the owner of the shares during the time they were in escrow. Otherwise we must respectfully differ from that decision.

The petitioner is held to have been the owner of the shares at the time of the payment of the dividend on December 15, 1936, and to have been the recipient of the dividend at that time. The amount thereof is properly within her gross income for 1936.

2. The Commissioner, in the notice of deficiency, treated the petitioner as if she had disposed of 5 percent or 200 shares of her stock in her contract with her attorney for services in regard to her husband's estate. Respondent now affirmatively pleads that this was error and that the petitioner continued to be the owner of 4,000 shares and in law and in fact received the entire $28,000 dividend. In this, the affirmative contention must be sustained. The attorney never owned any of the petitioner's 4,000 shares. She contracted, in lieu of the $12,500 which she was obligated to pay him, to pay him $10,000 at once and an amount (limited to $5,000) measured by a percentage of what she received as dividends or proceeds from the sale of the shares. Before she was obligated to pay she had to receive. The receipt by her was income, irrespective of her obligation as to its contemporaneous or subsequent use to pay for legal services, *Lansill* v. *Burnet*, 58 Fed. (2d) 512.

The entire $28,000 is to be included as a dividend in petitioner's income.

3. In respondent's brief, he:

concedes of course that in the event the Board holds that the contract with Mr. DeGuire did not effect a completed sale in January, 1936, and the petitioner is therefore taxable on the $28,000 of dividends, then the petitioner did not realize any taxable gain in 1936 from the sale of the stock. * * *

This concession removes from controversy the issue as to the value of the stock to be used as basis for gain or loss on the sale and the secondary issue as to petitioner's estoppel by reason of the value used in determining estate tax at the time of her husband's death.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Arundell, dissenting: Confessing with the majority an inability to satisfactorily distinguish this case from *Long* v. *United States*, 66 Ct. Cls. 475, and being of the opinion that that case correctly decides the question of the taxability of the dividends on the stock in escrow, I think the opinion in this case improperly holds the dividends taxable to the petitioner.

Leech agrees with this dissent.